*Decision will be entered for the respondent.*

WORUMBO MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13914.   Promulgated October 10, 1928.

*J. Robert Sherrod, Esq.*, for the petitioner.
*J. A. O'Callaghan, Esq.*, and *P. A. Bayer, Esq.*, for the respondent.

OPINION.

GREEN: The petitioner contends that the waiver set out in the findings of fact is not an effective waiver for the reason that it is " for the year 1919 " and not for the fiscal year ended November 30, 1919. We fail to see any merit in this contention. The term " taxable year " is defined in all of the Revenue Acts beginning with the Revenue Act of 1918 as meaning " the calendar year, or the fiscal year ending during such calendar year." The term " year 1919 " as used by the parties to the waiver could have referred to no other year than the taxable year 1919 which in this case was the fiscal year ended November 30, 1919. In our opinion the waiver was valid and since it had not expired at the time the deficiency letter was mailed the proposed deficiency is not barred by the statute of limitations. See section 277(b) of the Revenue Act of 1924.

The invested capital for the fiscal year ended November 30, 1919, should be adjusted by the correct amount of Federal income and profits taxes prorated for the prior year in accordance with the stipulation of the parties.

*Judgment will be entered under Rule 50.*